## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 16-18-GF-BMM |
| Plaintiff, | FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE |
| vs. | |
| SIX FIREARMS, | |
| Defendants. | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On March 10, 2016, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *In Rem* against six firearms, herein after referred to as "defendant property", under 18 U.S.C. § 924(d) in violation of 18

U.S.C. § 922(j) or 18 U.S.C. § 922(a)(5). The defendant property constitutes firearms which were stolen and sold and/or bartered with others in violation of 18 U.S.C. § 922(j) and (a)(5).

2. On March 15, 2016, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives executed the Warrant of Arrest *In Rem* that was issued by this Court on March 10, 2016, and arrested the defendant property. (Doc. 5).

3. On March 10, 2016, the United States provided "direct notice" of this forfeiture action by sending via certified mail and first-class U.S. mail copies of the Notice of Civil Judicial Forfeiture and Verified Complaint *In Rem* (Docs. 1 and 3) to Greg Kamp at the address provided in his administrative claim, Myron Wenger at the address provided in his administrative claim, and Myron Wenger's attorneys, Timothy B. Wilson and Thomas A. Bushnell, at the addresses provided in Myron Wenger's administrative claim, as authorized by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(b)(iii)(B) and (E). (Dec. in Supp. of Default, Doc. 8, paras. 3, Ex. 1) The certified mailing to Greg Kamp was returned by the U.S. Postal Service as delivered and signed for by Derree Kamp on March 18, 2016. The certified mailing to Myron Wenger was returned by the U.S. Postal Service as delivered and signed for by John Becker on March 16, 2016. The certified mailings to Myron Wenger's attorneys, Timothy B.

Wilson and Thomas A. Bushnell were also returned by the U.S. Postal Service as delivered and signed for.   The first-class mailings to Greg Kamp, Myron Wenger, Attorneys Timothy B. Wilson and Thomas A. Bushnell were not returned by the United States Postal Service; therefore, it is presumed the mail was delivered to the addressees.   (Doc. 8, Exs. 3-5).

4.   Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on May 3, 2016, and ending on June 1, 2016.   The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (May 3, 2016) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 6, Att. 1).

5.   Upon considering the United States' Motion for Entry of Defaults (Doc. 7), the Clerk of District Court entered the defaults of Greg Kamp, Myron Wenger, and any unknown potential claimants, on August 3, 2016, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules.   (Doc. 9).

6.   The factual allegations set forth in paragraphs 4 through 15, Doc. 1, are verified by Tom Lynch, Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives.   (Doc. 1, p. 12)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

7.   The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *In Rem* to forfeit the defendant property, under 18 U.S.C. § 924(d) in violation of 18 U.S.C. § 922(j) or 18 U.S.C. § 922(a)(5).   The defendant property constitutes firearms which were stolen and sold and/or bartered with others in violation of 18 U.S.C. § 922(j) and (a)(5).   Therefore, the defendant property is forfeitable pursuant to 18 U.S.C. § 924(d)(1).

8.   Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit the defendant property found in this district and the acts or omissions complained of occurred in this district.

9.   Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.   *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149

n.2 (9th Cir. 2002).

10. The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 18 U.S.C. § 922(a)(5) and (j).

11. The totality of the circumstances as described in the Verified Complaint demonstrates that the stolen firearms were possessed unlawfully and bartered or sold unlawfully in violation of 18 U.S.C.§ 922(j) and were sold by Wehner to Kamp after Wehner had told Kamp he was from Idaho and purchased by Kamp in violation of 18 U.S.C.§ 922(a)(5). Section 922(j) provides that it shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or ammunition which has been transported in interstate commerce, either before or after it was stolen, or having reasonable cause to believe it was stolen. Section 922(a)(5) provides it is unlawful for a non-licensee to sell firearms to another non-licensee in another state. Kamp told officers that Whener had told him he had come from Idaho, and that he, Kamp, bought the firearms as a private sale, and therefore the transfer was also in

violation of federal law, and resulted in aiding Wehner's unlawful transfer of firearms.

12.    Notice of this action was properly provided to known potential claimants Greg Kamp and Myron Wenger, as well as Myron Wenger's attorneys, Timothy B. Wilson and Thomas A. Bushnell, in accordance with Supplemental Rule G(4)(b)(iii)(B) by sending notice to each addressee at the addresses provided in Greg Kamp and Myron Wenger's administrative claims, as authorized under Supplemental Rule G(4)(b)(iii)(E).

13.    Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

14.    In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the defaults of Greg Kamp, Myron Wenger, and known and unknown potential claimants.    (Doc. 9).

15.    Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default against the defendant property, and any claims to the defendant property.    The United States is further entitled to an order of forfeiture of the defendant property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.  The United States is granted a default judgment against the defendant property and against any person asserting a claim to, or interest in, the defendant property.

2.  The defendant property, consisting of six firearms, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 9th day of August, 2016.


_____
Brian Morris
United States District Court Judge